IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PABLO TELLEZ, *an individual,*
*also known as* Armando Ranger,

        **Plaintiff,**

    v.

**GUARACI GETZ FERREIRA,** and
**EVAN TROYER,**

        **Defendants.**

Case No. 1:24-cv-01685-CL

**FINDINGS AND RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff moves the Court for default judgment against both defendants. For the reasons below, Plaintiffs' Motion (ECF #19) should be GRANTED.

## BACKGROUND[1]

Plaintiff was employed by Defendants Guaraci Gezt Ferreira and Evan Troyer to provide farm labor, including harvesting and processing, for an agricultural business located in Jackson County, Oregon. Plaintiff's Complaint ¶¶ 10-12, (ECF #1). Prior to Plaintiff beginning work for the defendants, Defendant Troyer promised that the defendants would pay Plaintiff $20 per hour for working in the fields harvesting plants and a piece rate of $80 per pound for processing the agricultural product. Compl. ¶15. When Plaintiff and the other workers neared completion of their work, the defendants and their agents disappeared from the farm. Compl. ¶ 16. Plaintiff and the other workers waited for the defendants to return. Compl. ¶ 17. Defendants never returned with Plaintiff's payment, and despite repeated requests for payment by text and telephone, the defendants never paid Plaintiff for his work. Compl. ¶ 18.

Plaintiff alleges that he worked for the defendants from October 8, 2021, to November 24, 2021. Compl. ¶ 13. During that time, Plaintiff worked approximately 331 hours. Compl. ¶ 19. Specifically, Plaintiff performed approximately 78.5 hours field work, and he processed approximately 78.18 pounds of agricultural product. Compl. ¶ 15.

Plaintiff alleges that the defendants failed to pay Plaintiff any wages at all for his work. Compl. ¶ 18. Plaintiff claims that the defendants' failure to pay Plaintiff the appropriate minimum wage for all hours worked each workweek was in violation of the FLSA, 29 U.S.C. § 206(a)(1), and Oregon wage and hour laws, O.R.S. § 653.025.

Plaintiff filed a Motion for Entry of Default against the defendants on March 3, 2025 (ECF #15), which the Court granted, entering default on March 5, 2025 (ECF #17). Pursuant to Fed. R. Civ. P. 55(b), Plaintiff now moves for judgment against Defendants Guaraci Getz

---

[1] Facts in this section are as alleged in the Complaint (#1) and are assumed to be true for the purposes of this motion.

Ferreira and Evan Troyer, and he asks the Court to award unpaid wages, liquidated damages, and penalty wages. Plaintiff seeks entry of judgment against the defendants in a total amount of $19,824.15.

## LEGAL STANDARD

The decision to grant or deny a motion for default judgment is within the discretion of the court. *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir. 1986). In exercising its discretion, the court must consider seven factors, often referred to as the *Eitel* factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, a plaintiff's well-pleaded allegations of fact regarding liability, except allegations relating to the amount of damages, will be taken as true. *Geddes v. United Fin-Group*, 559 F.2d 557, 560 (9th Cir. 1978). Plaintiff must establish damages by proof, unless the amount is liquidated or otherwise susceptible of computation. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (internal citation omitted). Relief for cases of default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Rule 54(c).

## DISCUSSION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

**I.     The *Eitel* factors weigh in favor of entering default judgment against the defendants.**

All of the factors, except one, weigh in favor of granting the motion for default judgment against the defendants.

a.    **The possibility of prejudice to Plaintiff weighs in favor of default judgment.**

First, if default judgment were not granted, Plaintiff would be denied a legal remedy against the defendants for their allegedly unlawful actions and "would be left without a remedy given defendant's failure to appear and defend themselves." *J & J Sports Prods., Inc. v. Frei*, No. 4:12-cv-0127-BLW, 2013 WL 3190685, *1 (D. Idaho Jun. 21, 2013). Here, Plaintiff has properly served the defendants, but the defendants have not appeared to present a defense to the Complaint. Without a default judgment, Plaintiff would be left without a remedy for the defendants' actions in this case. This prejudice renders the first factor favorable to Plaintiff.

b.    **The sufficiency of the Complaint and the merits of Plaintiff's substantive claims also weigh in favor of default judgment.**

Next, Plaintiff's Complaint sufficiently states a claim for relief, thus meeting the second, and third *Eitel* factors. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating the second and third factors require a plaintiff's allegation "state a claim on which the [plaintiff] may recover"). Because the Clerk has entered default, the well-pleaded allegations of the complaint are taken as true and are binding against the defaulting parties. *Garcia v. Pacwest Contracting LLC*, 2016 WL 526236, 1 (D. Or. Feb 9, 2016) (*citing Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, the question is whether Plaintiff is entitled to recover on the facts set forth in the complaint.

Plaintiff alleges specific dates and hours that he worked for the defendants, and he alleges that he was not sufficiently compensated for this work under federal or state minimum wage laws, nor was he paid what the defendants agreed to pay him for the work. Plaintiff alleges that he gave notice of non-payment of his wages to the defendants, but they have refused or failed to pay him. Plaintiff is entitled to recover on these facts.

**c.      The possibility of a dispute concerning material facts is a neutral factor, or it weighs in favor of granting default judgment.**

As discussed above, the defendants have been properly served but have not appeared in this case. Without an appearance by the defendants to state their version of the facts, or any other countervailing evidence, and because all well-pleaded allegations of the complaint are deemed true after entry of default, "no likelihood that any genuine issue of material fact exists" after default has been entered. *Elektra Entm't Grp. Inc v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). This factor is neutral or weighs in favor of granting default judgment.

**d.      The sum of money at stake in the action is neutral or weighs in favor of granting default judgment.**

"One of the factors the court is free to consider in exercising its discretion to grant or deny default judgment is the sum of money at stake." *J & J Sports Prods., Inc. v. Rafael*, No. CIV S-10-1046 LKK GGH, 2011 WL 445803, at *2 (E.D. Cal. Feb 8, 2011). Here, Plaintiff seeks entry of judgment against the defendants in the amount of $19,824.15. The Court finds this factor is neutral or weighs in favor of granting the motion.

**e.      No evidence suggests default was due to excusable neglect; this factor is neutral or weighs in favor of granting default judgment.**

No evidence exists to suggest the defendants' failure to respond to the Complaint was due to excusable neglect. A Clerk's Entry of Default was entered as to both defendants (ECF #18). The defendants have not appeared in this case or otherwise indicated that they will do so. No evidence of excusable neglect exists or *is* apparent in the record. This factor is neutral or weighs in favor of granting default judgment.

**f.      Policy favors a decision on the merits of the case; this factor weighs against default judgment.**

The one factor that weighs in favor of the defendants, and against default judgment, is the strong policy favoring decisions on the merits. However, this factor, without more, is not sufficient to preclude default judgment. "Although 'cases should be decided upon their merits whenever reasonably possible,' 'the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive.'" *Garcia v. Pacwest Contracting LLC*, 2016 WL 526236, at *4 (D. Or. Feb. 9, 2016) (quoting *PepsiCo, Inc.*, 238 F. Supp. 2d. at 1177). Here, the defendants' "failure to defend against [Plaintiff's] claims makes a decision on the merits impossible. Accordingly, the policy favoring decision on the merits does not preclude the Court from entering default judgment against [the defendants]." *Id.*

### g.    Conclusion

The *Eitel* factors weigh in favor of granting Plaintiff's motion for default judgment because the only factor that weighs against default judgment is the final, policy factor, and it is not dispositive. Without an appearance by the Defendants and their side of the facts or any other countervailing evidence, the factors weigh in Plaintiff's favor, and the Court cannot find a reason to deny the motion for default judgment.

## II.    Damages

Rule 54(c) of the Federal Rule of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Plaintiffs' Complaint includes a prayer for relief requesting the following:

1. Award Plaintiff his unpaid minimum wages pursuant to 29 U.S.C. § 206 and liquidated damages pursuant to 29 U.S.C. § 216(b);
2. Award Plaintiff his unpaid minimum wages pursuant to Oregon minimum wage laws, O.R.S. § 653.025;
3. Award Plaintiff penalty wages in the amount of 240 times Plaintiff's final hourly wage pursuant to O.R.S. § 653.055, for unpaid minimum wages;
4. Award Plaintiff penalty wages in the amount of 240 times Plaintiff's final hourly wage pursuant to O.R.S. § 652.150, for failure to pay wages timely;

5. Award Plaintiff his piece rate for every pound processed and his promised wages for every hour worked and contractual damages;
6. Find that Plaintiff is the prevailing party and award Plaintiff's reasonable attorney fees and costs under 29 U.S.C. § 216(b), and O.R.S. §§ 652.200 and 653.055;
7. Award Plaintiffs pre-judgment interest on sums due under state law claims and post-judgment interest on all claims; and
8. Award Plaintiffs such other relief as this Court deems just and proper.

Plaintiff's motion for default judgment includes final calculations of damages with a supporting declaration, (ECF #20), from his attorney Corinna Spencer-Scheurich.

Plaintiff is only allowed to recover his unpaid wages under one theory. In this case, those wages are being requested pursuant to O.R.S. § 652.140(1) as wages not promptly paid upon termination. These unpaid wages amount to $7,824.40. Spencer-Scheurich Decl. ¶ 5.

Plaintiff is also entitled to FLSA liquidated damages pursuant to 29 U.S.C. § 216(b), equal to the amount of unpaid wages under federal law, or $2,399.75.

Plaintiff is also entitled to a penalty for the defendants' failure to pay Plaintiff's wages as required by O.R.S. § 652.140. The penalty is calculated by Plaintiff's final wage rate, multiplied by eight hours a day times the number of days the employee must wait for his final pay, not to exceed 30. O.R.S. § 652.150; OAR 839-001-0420. In this case, Plaintiff still has not received his final pay. Plaintiff's final wage rate was $20 per hour. Compl. ¶ 15. Accordingly, he is entitled to a penalty in the amount of $4,800. Spencer-Scheurich Decl. ¶ 7.

Plaintiff is entitled to separate penalties for the distinct violations of O.R.S. § 652.140 and O.R.S. § 653.055. Both statutes provide for a penalty of up to 30 days' wages to be calculated as described in O.R.S. § 652.150. The award of separate penalties for late payment of wages and failure to pay minimum or overtime wages is consistent with the object of adequately punishing employers who violate Oregon's wage and hour laws in multiple ways. See O.R.S. §§ 653.055; 652.150. Here the defendants violated both schemes by failing to pay Plaintiff his

Page 7 of 8 – FINDINGS AND RECOMMENDATION

minimum wages throughout his employment and failing to pay his promised wages promptly after his termination or at any point in the years following. Therefore the penalty amount given above, $4,800, shall be doubled so that Plaintiff recovers for both applicable penalties.

Plaintiff's counsel attested that she added together Plaintiff's unpaid wages of $7,824.40, two Oregon penalties of $4,800 each, and FLSA liquidated damages of $2,399.75. Spencer-Scheurich Decl. ¶ 8. Therefore, she found Plaintiff is entitled to a total of $19,824.15 from the defendants. *Id.* The Court agrees.

## RECOMMENDATION

For the reasons above, the Court recommends that Plaintiffs' motion for default judgment (ECF #19) be GRANTED.  Default Judgment should be entered in favor of Plaintiff against Defendants Guaraci Getz Ferreira and Evan Troyer, adjudging them joint and severally liable to Plaintiff for a total of $19,824.15 in unpaid wages, statutory damages, and penalties.

## SCHEDULING

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.  The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If objections are filed, any response to the objections is due fourteen (14) days from the date of the objections. *See* Fed. R. Civ. P. 72, 6.

DATED this ___13___ day of March, 2026.

_____
MARK D. CLARKE
United States Magistrate Judge