IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**PABLO TELLEZ,** *an individual, also known as* Armando Ranger,

**Plaintiff,**

**v.**

**GUARACI GETZ FERREIRA,** and **EVAN TROYER,**

**Defendants.**

**Case No. 1:24-cv-01685-CL**

**FINDINGS AND RECOMMENDATION**

---

CLARKE, Magistrate Judge.

Plaintiff Pablo Tellez filed this case on October 3, 2024, to recover unpaid wages, liquidated damages, penalty wages, and statutory penalties under the Fair Labor Standards Act, 29 U.S.C §§ 203 et seq ("FLSA"), and Oregon wage and hour laws, Or. Rev. Stat. Chapters 652 and 653. *See* Compl., (ECF #1). Defendants failed to plead or otherwise defend or answer. Order Grant'g Pl's Mot. Entry of Default (ECF #17). On April 1, 2026, the District Court adopted this Court's Findings and Recommendation to grant a Default Judgment in this case against all of the defendants on all of the claims (ECF #21).

Plaintiff now moves for an award of attorney fees and costs. The Court has reviewed Plaintiff's Motion (ECF #25) and finds that Plaintiff is entitled to fees, including reasonable litigation expenses and costs against Defendants pursuant to fee-shifting provisions of the

applicable statutes. 29 U.S.C. § 216(b); O.R.S. §§ 652.150, 652.200(2), 653.055. FLSA provides for an award of fees and costs to the prevailing plaintiff. 29 U.S.C. § 216(b) ("the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by defendant"). Likewise, Oregon state law provides for a mandatory award of fees to a prevailing employee in any action for the collection of wages, unless "the employee has willfully violated the contract of employment or unless the court finds that the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action." O.R.S. § 652.200(2); see also O.R.S. §§ 652.150, 653.055.

The Court reviewed Plaintiff's attorney fee petition, considered the lodestar rate, accounted for the attorney's years of experience and special skill in this area of law; based on these factors the requested rates for each year of service in this case are reasonable. The requested paralegal rate of $100 is also reasonable. The number of hours billed by the attorneys and paralegal are reasonable and not excessive or redundant. Finally, the requested costs are compensable as necessary and reasonable out-of-pocket costs that would normally be charged to a fee-paying client.

## RECOMMENDATION

For the reasons above, the Court recommends that Plaintiff be awarded his entire requested attorney fee petition in the amount of $17,750.90 and litigation expenses in the amount of $746.55. Plaintiff should be allowed to submit a proposed Order granting the attorney fees directing award to the proper person and address, as determined by Plaintiff counsel. The Bill of Costs should be filed separately for processing by the Clerk's Office.

## SCHEDULING

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule

4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If objections are filed, any response to the objections is due fourteen (14) days from the date of the objections. *See* Fed. R. Civ. P. 72, 6.

DATED this 4 day of August, 2026.

MARK D. CLARKE
United States Magistrate Judge